IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOEL EUGENE STANER | § | |
| VS. | § | CIVIL ACTION NO. 5:10-CV-10 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Joel Eugene Staner, an inmate formerly confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this petition for writ of habeas corpus be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds that petitioner's objections are without merit. Petitioner has failed to establish his case falls within the exception to the mootness doctrine for

cases that are "capable of repetition, yet evading review." To trigger this exception, petitioner must show that (1) the challenged action is too short in duration to be fully litigated, and (2) there is a reasonable expectation that the aggrieved party will again be subject to the challenged action. *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 41 (1998). A "mere physical or theoretical possibility" that an alleged action will recur is not enough to meet the second prong of the exception. *See Hunter v. Owens*, 460 Fed. Appx. 421, 2012 WL 470189, *2 (5th Cir. 2012) (not designated for publication), *citing Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Instead, the litigant must show a "reasonable expectation" or demonstrated probability" that the same controversy will recur and will involve the same complaining party. *Id*. In the present case, there is no concrete indication that petitioner's parole will be revoked or that he will then not be allowed to participate in the prerelease programs and thus be subjected once again to the Parole Board's review. As the Magistrate Judge correctly concluded, petitioner's claims to the extent they challenge the Parole Board's failure to vote on his release to discretionary mandatory supervision parole are rendered moot by petitioner's ultimate release by TDCJ to mandatory supervision parole.[1]

To the extent petitioner objects to the Magistrate Judge's findings as to his claim that the State of Texas breached his plea bargain agreement, this objection is also without merit. First, there is nothing in the plea agreement that touches on the issue of rehabilitation or parole, and petitioner has neither alleged nor demonstrated that the prosecutor made any representations regarding the parole laws at the time of his plea. Absent evidence in the record, a court cannot

---

[1] Because the Parole Board never voted on petitioner's release, and his prospective release date passed, TDCJ released petitioner to mandatory supervision parole on April 26, 2010 in keeping with the Texas Court of Criminal Appeals decision in *Ex parte Retzlaff*, No. 74, 772, 135 S.W.3d 45, 51 (Tex. Crim. App. 2004).

consider a habeas petitioner's bald assertions on a critical issue in his petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1993). Furthermore, as to petitioner's claim that the state court lacked authority to enter into the plea bargain agreement as the plea agreement lacked a dated jurat with an authenticated index fingerprint, the record simply does not support such an assertion. The record shows the written stipulation of evidence and judicial confession was signed by petitioner and contains an authenticated index fingerprint. *See* State Court Record, *Ex parte Staner*, WR-72,787-01, pgs. 105-110. Petitioner has failed to rebut the presumption of correctness with clear and convincing evidence and has failed to demonstrate the state court's denial of habeas relief is either contrary to federal law or unreasonable.

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues

in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason.  The questions presented are not worthy of encouragement to proceed further.  Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability.  Accordingly, a certificate of appealability will not be issued.

**It is SO ORDERED.**

**SIGNED this 20th day of November, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE